Jose A. STANLEY; et al., Plaintiffs—
Appellants,

v.

CARR–GOTTSTEIN PROPERTIES;
et al., Defendants—Appellees.

No. 03–35200.

D.C. No. CV–01–00308–A–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2004.

Decided July 12, 2004.

David D. Clark, Esq., Anchorage, AK, for Plaintiffs–Appellants.

William S. Cummings, Esq., Ashburn & Mason, Joseph D. O'Connell, Esq., Munici-

pal Attorney's Office, Anchorage, AK, for Defendants–Appellees.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Jose and Emelia Stanley appeal the district court's grant of summary judgment to Carr–Gottstein Properties ("the Developer"). They argue that the district court erred in finding that: (1) they were not entitled to enforce, as third party beneficiaries, a stipulation between the Developer and the Municipality of Anchorage ("the Municipality") concerning the conveyance of an easement over the Developer's property; and (2) the stipulation, if acted upon by the Municipality, would violate the Fifth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Stanleys outbid the Developer for a landlocked parcel of land (Lot 2) that abuts both their residence (Lot 8) and two parcels of land (Lots 10 and 11) in the Developer's then undeveloped Discovery Heights Subdivision, Phase IV. Although the Stanleys have physical access to Lot 2 from their residence, the property does not border a legal right of way (*i.e.*, street access), which is required by the Municipality for them to lawfully subdivide the land. After initially requiring that the De-

veloper provide legal access to Lot 2 through Lots 10 and/or 11 to receive platting approval for Phase IV, a decision which prompted the underlying suit, the Municipality entered a joint stipulation which allowed the Developer to record its plat while the Municipality reserved the right to require such an easement. The Municipality later concluded that requiring the Developer to convey an easement to Lot 2 would be an unconstitutional exaction. The two parties jointly moved to vacate the stipulation. The district court granted their motion, but before the court dismissed the case, the Stanleys intervened seeking enforcement of the stipulation as third party beneficiaries. The district court recognized the Stanleys' status as third party beneficiaries, but granted the Developer's motion for summary judgment because the court had already vacated the stipulation. The district court also found that, even if the stipulation was otherwise enforceable, the easement requirement would violate the Fifth Amendment's Takings Clause.

I. The Stanleys' Rights to Enforce the Stipulation as Third Party Beneficiaries

█ "The Restatement (Second) of Contracts provides that in the absence of terms in a third party beneficiary contract prohibiting change or modification of a duty to an intended beneficiary, the promisor and promisee retain power to discharge or modify the duty by subsequent agreement."[1] *Karo v. San Diego Sym-*

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although the Alaska Supreme Court has never officially adopted the Restatement (Second) of Contracts, it routinely relies upon the treatise to resolve issues concerning third party beneficiaries. *See, e.g., Int'l Investors v.*

*Business Park Fund,* 991 P.2d 219, 225 (Alaska 1999) (relying upon Restatement (Second) Contracts § 309(3)); *Joyner v. Vitale,* 926 P.2d 1154, 1157 (Alaska 1996) (same); *Alaska Cont'l, Inc. v. Trickey,* 933 P.2d 528, 533 (Alaska 1997) (relying upon Restatement (Second) Contracts § 302); *Ellis v. City of Valdez,* 686 P.2d 700, 704 (Alaska 1984) (same); *Kod-*

*phony Orchestra Ass'n,* 762 F.2d 819, 822 (9th Cir.1985) (citing Restatement (Second) of Contracts § 311(1), (2) (1981)). However, "[t]he power to modify terminates when the beneficiary materially changes position in justifiable reliance on the promise before receiving notification of the modification." *Id.;* Restatement (Second) of Contracts, § 311, cmt. g ("If there is a material change of position in justifiable reliance on the promise, the change of position precludes discharge or modification of the contract without the beneficiary's consent."). The Stanleys neither materially changed their position in justifiable reliance on the stipulation nor assented to it at the Municipality or the Developer's request, an alternative prerequisite for enforceability. As a result, their rights as beneficiaries never vested, *see* Restatement (Second) of Contracts § 311(3), and the Municipality and the Developer retained their power to modify and/or terminate the stipulation. The district court, therefore, did not err in concluding that the Stanleys could not enforce the stipulation.

█ Even if the Stanleys had relied on the stipulation or assented to it at the request of the principals, their right to enforce the easement provision would be contingent upon the Municipality's performance of the condition precedent. *See Kennedy Assocs. v. Fischer,* 667 P.2d 174, 178 (Alaska 1983) (stating that "the non-occurrence of a condition precedent precludes an action by the promisee to enforce the contract"); *State v. Osborne,* 607 P.2d 369, 371 (Alaska 1980) (noting that where the promisee "fail[s] to perform his part of the bargain," the promisor's "duty of counter performance never mature[s]"); Restatement (Second) of Contracts, § 309(2) (providing that "[i]f a contract ceases to be binding in whole or in part

*iak Elec. Ass'n v. DeLaval Turbine, Inc.,* 694

because of … non-occurrence of a condition … the right of any beneficiary is to that extent discharged or modified"). Because the Municipality never requested that the Developer convey the easement, the stipulation's condition precedent was not satisfied and the Stanleys' right to enforce the stipulation never vested. Thus, the district court properly determined that the Stanleys could not enforce the stipulation.

## II. The Fifth Amendment's Takings Clause

Our resolution of the third party beneficiary issue moots the Stanleys' Fifth Amendment claim. Specifically, because the Stanleys have no right to enforce the stipulation, and because the Municipality has conclusively determined that it will not do so, the Stanleys are in no position to challenge the stipulation's constitutionality. We, therefore, need not address this issue and decline to do so.

AFFIRMED.

P.2d 150, 154 (Alaska 1984) (same).